His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
The State claims a license' tax which defendant resists on the ground that he is a manufacturer.
His product is ice cream; and it is shown by the evi- ' dence that his- plant is of the most modern and sanitary construction.
*473 Opinion and decree, June 12th, 1916.
Rehearing refused, June 20th, 1916.
It is a large establishment, requiring a large investment of capital, operated by powerful machinery, giving employment to a large number of persons, doing an extensive business reaching even beyond the limits of the State; an establishment which may justly be termed a credit to the commerce of the city and' the enterprise of defendant.
But the fact remains that his product is ice cream (a delicacy too well known to need any particular description).
And the Supreme Court of the State, under a state of facts not essentially different from those at bar, has decided point blank that such an establishment was not a manufactory “in any sense of the word.”
City vs. Mannessier, 32 An., 1075.
We feel no more at liberty to disregard this opinion than did the District Judge, and must therefore affirm his judgment.
Judgment affirmed.